# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2196

_____

| | |
|---|---|
| Herschel Pearl, | * |
| | * |
| Appellant, | * |
| | * |
| v. | * Appeal from the United States |
| | * District Court for the |
| DST Systems, Inc., | * Western District of Missouri. |
| | * |
| Appellee. | * [UNPUBLISHED] |

_____

Submitted: December 1, 2009
Filed: January 7, 2010

_____

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Herschel Pearl brought a claim for damages against DST Systems, Inc. (DST), alleging that he was terminated after engaging in protected activity, in violation of Section 806 of the Sarbanes-Oxley Act (SOX), which is codified in 18 U.S.C. § 1514A, and wrongfully discharged under Missouri state law. The district court[1] granted summary judgment for DST, and Pearl appeals. After careful de novo review, viewing the evidence and all fair inferences from it in the light most favorable to

---

[1]The Honorable Sarah W. Hays, United States Magistrate Judge for the Western District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

Pearl, see Johnson v. Blaukat, 453 F.3d 1108, 1112 (8th Cir. 2006), we find no reversible error.

Specifically, as to Pearl's complaint to DST regarding a possible understatement of earnings, we conclude that such a complaint did not amount to protected activity under SOX. Even assuming Pearl subjectively believed DST had understated its earnings in a way that violated SOX, the evidence showed that such a belief was not objectively reasonable. See Allen v. Admin. Review Bd., 514 F.3d 468, 475-77 (5th Cir. 2008) (in SOX action, plaintiff bears initial burden to prove elements by preponderance of evidence; SOX prohibits publicly traded company from retaliating against employee who reports information to supervisor regarding any conduct which employee reasonably believes constitutes violation of one of six enumerated categories; employee's reasonable belief must be scrutinized under both subjective and objective standard); cf. Bechtel v. Competitive Tech., Inc., 2005-SOX-00033, 2005 WL 4888997, at **30-32 (Dep't of Labor Oct. 5, 2005) (complainant's threat to report suspected insider trading to SEC did not constitute protected activity under § 1514A because complainant's belief--which was partially based on "snippet" of conversation that he overheard and rumor that another individual had advanced knowledge of successful litigation--was not reasonably founded). Further, for the reasons stated by the district court, we conclude that none of the other complaints that Pearl made to DST amounted to protected activity, and that summary judgment was proper as to the state law claim.

Accordingly, we affirm.

_____